**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MARK ADAMS, | : | CIVIL ACTION NO. 06-3398 (MLC) |
|  | : |  |
| Petitioner, | : | **MEMORANDUM OPINION** |
|  | : |  |
| v. | : |  |
|  | : |  |
| UNITED STATES OF AMERICA, | : |  |
|  | : |  |
| Respondent. | : |  |

**COOPER, District Judge**

This matter comes before the Court on the <u>pro se</u> motion of
Mark Adams ("petitioner") to vacate, set aside, or correct his
sentence pursuant to 28 U.S.C. § 2255.  The underlying criminal
case in this Court was <u>United States v. Mark Adams</u>, Crim. No. 05-
501 (MLC).  For the reasons set forth herein, issued without oral
argument pursuant to Federal Rule of Civil Procedure 78, the
Court will deny the motion.[1]

**I.  BACKGROUND**

Petitioner entered a plea of guilty on June 28, 2005, to a
one-count Information charging him with knowingly and willfully
possessing a computer hard drive that contained at least three
images of child pornography, as defined in 18 U.S.C. § 2256(8)(A),

---

[1]  The records filed in this matter are the following
numbered docket entries ("dkt."):  Original § 2255 motion (dkt.
1); <u>Miller</u> notice (dkt. 2); Amended § 2255 motion (dkt. 3);
Answer (dkt. 6-1), with exhibits from the underlying criminal
docket as follows:  Information (Ex. A); Plea Agreement (Ex. B);
Transcript of sentencing hearing 11-9-05 (Ex. C); Transcript of
plea hearing 6-28-05 (Ex. D).

which had been shipped and transported in interstate and foreign commerce, in violation of 18 U.S.C. § 2252A(a)(5)(B).  (Dkt. 6-1, Exs. A, D.)  The written plea agreement upon which the plea was based contained certain stipulations, quoted verbatim in the margin.[2]

Petitioner was sentenced on June 28, 2005, pursuant to 18 U.S.C. § 3553(a), with the Federal Sentencing Guidelines being used as advisory only pursuant to United States v. Booker, 543 U.S. 220 (2005).  This Court followed the three-step sentencing process later summarized in United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006), making the guidelines calculation,

---

[2]  Schedule A of the plea agreement stated as follows.

1.  This Office and Mark Adams agree to stipulate to the following facts:

    a.  The offense involved over 250 images of child pornography.

    b.  The pornographic material involved prepubescent minors or minors under the age of twelve years.

    c.  The defendant's possession of the material resulted from the defendant's use of a computer. The hard drive of said computer was manufactured in China.

2.  If the sentencing court accepts a factual stipulation set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.  Otherwise, this Office specifically reserves the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.

(Dkt. 6-1, Ex. B, at 5.)

formally ruling on any motions and objections, and then exercising its discretion by considering the relevant Section 3553(a) factors.

This Court ruled that the guideline range for imprisonment was 27 to 33 months, based upon total offense level 18 and criminal history category I.  (Dkt. 6-1, Ex. C, at 10-12.)  The basis of the guidelines rulings is described <u>infra</u>, n. 4.  The sentence imposed was 28 months imprisonment, 3 years of supervised release with specified conditions, and a fine of $500.00.  (<u>Id.</u> at 16-18.)  The Judgment of Conviction was entered on November 30, 2005, and petitioner did not appeal.

This timely motion under 28 U.S.C. § 2255 was filed on July 26, 2006.  (Dkt. 1.)  An amended motion was timely filed on October 3, 2006.  (Dkt. 3.)  <u>See</u> 28 U.S.C. § 2255.

Petitioner alleges three grounds for relief: (1) ineffective assistance of counsel; (2) legal error by the Court in considering certain evidence at sentencing; and (3) constitutional and legal error in the imposition of supervised release.  (Dkt. 3, ¶¶ 12, 13.)  Upon review of the motion papers and the relevant materials contained in the record of the underlying criminal matter, this Court finds that an evidentiary hearing is not required.  <u>See</u> Rules Governing Section 2255 Proceedings for U.S. District Courts, Rule 8(a); <u>United States v. McCoy</u>, 410 F.3d 124, 131-35 (3d Cir. 2005).

## II.  DISCUSSION

Under 28 U.S.C. § 2255:

A prisoner in custody under sentence of a [federal] court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

This Court has jurisdiction under 28 U.S.C. § 1331.  Petitioner has the burden of establishing any claim asserted in the motion. See United States v. Abbott, 975 F.Supp. 703, 705 (E.D. Pa. 1997).

### A.  Ineffective assistance of counsel claims

This Court will first address petitioner's ineffective assistance of counsel claims.  His arguments on this point state verbatim:

(1) Counsel did not return calls on a regular basis and if he did, it was two weeks later.  Counsel did not meet with me in his office, communication was by phone. Counsel advised to plead guilty for a lesser sentence and possible probation.

(2) Before going to court, counsel advised that any prison term received would be appealed.  After sentencing, counsel advised not to appeal because maximum sentence would be imposed on me.

(3) Counsel knew I was not a citizen and did not advise me to complete paperwork.  I was married to a citizen and served in the U.S. Army.  Counsel did not advise me that as a non-citizen I am not entitled to a halfway house part of sentence (6 mos.) and face deportation.

(4) Upon entering prison, [I] was informed that one person who was arrested with me for the same offense received a 4-month sentence.  When counsel was

4

> questioned he said letters were written on his behalf
> from affluent and prominent people and it's "who you
> know."  I was not advised to compile information for
> consideration.

(Id., ¶¶ 12.A.-12.D.)

### 1.   The <u>Strickland</u> test

To succeed on an ineffective assistance of counsel claim, petitioner must "show that counsel's performance was deficient." <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). <u>See</u> <u>Gov't of V.I. v. Nicholas</u>, 759 F.2d 1073, 1081 (3d Cir. 1985) (stating movant under 28 U.S.C. § 2255 must show counsel's representation was constitutionally inadequate).  Counsel's performance must be reasonable under prevailing professional norms, <u>see</u> <u>Strickland</u>, 466 U.S. at 688, whereas deficient performance consists of acts or omissions that are "outside the wide range of professionally competent assistance."  <u>Id.</u> at 690.  The Court must presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. <u>See</u> <u>id.</u> at 689; <u>see also</u> <u>Buehl v. Vaughn</u>, 166 F.3d 163, 169 (3d Cir. 1999); <u>Berryman v. Morton</u>, 100 F.3d 1089, 1094 (3d Cir. 1996); <u>United States v. Gray</u>, 878 F.2d 702, 710 (3d Cir. 1989). Furthermore, the Court must evaluate the objective reasonableness of counsel's performance "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential."  <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 381 (1986).

In addition, petitioner must "show that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687.  A defendant has been prejudiced if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694. A reasonable probability is a "probability sufficient to undermine confidence in the outcome."  Id.

If a petitioner fails to satisfy either part of the Strickland test, this court must reject the ineffective assistance of counsel claims.  The Supreme Court has stated that

> there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

Id. at 697.

### 2.   The merits of petitioner's Sixth Amendment claims

Petitioner's ineffective assistance arguments may be summarized as follows:

(1)  When counseling petitioner prior to entry of his guilty plea at the Rule 11 plea hearing, defense counsel:

     (a)  did not communicate with petitioner sufficiently;

     (b)  advised him to plead guilty based on assurances of a lesser sentence;

(c)  incorrectly advised him that if he received a prison
     term he could appeal; and

(d)  did not advise him that as a non-citizen he would not
     be entitled to half-way house treatment by the Bureau
     of Prisons, and he would face deportation.[3]  (<u>Id.</u>, ¶¶
     12.B. - 12.C.)

(2)  In preparation for sentencing, counsel did not advise
     petitioner to "compile information for consideration," such
     as letters "from affluent and prominent people."  (<u>Id.</u>,
     ¶ 12.D.)

(3)  After sentencing, counsel advised petitioner not to appeal
     "because maximum sentence would be imposed on me."  (<u>Id.</u>,
     ¶ 12.B.)

<u>Petitioner's decision to enter a guilty plea</u>

     We read the contents of item (1) above as challenging the
effectiveness of counsel in connection with petitioner's decision
to enter a guilty plea.  The established test for determining the
validity of a guilty plea is "whether the plea represents a
voluntary and intelligent choice among the alternative courses of
action open to the defendant."  <u>North Carolina v. Alford</u>, 400

---

[3] Petitioner's statement of this point also suggests that
his CJA-assigned defense counsel should have advised him to
"complete paperwork" to apply for naturalization as a U.S.
citizen.  (Dkt. 3, ¶ 12.C.)  We need not address this because
such advice would not be within the scope of obligations of
appointed criminal defense counsel in this Court.

U.S. 25, 31 (1970).  Where a defendant is represented by counsel and enters a guilty plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice "'was within the range of competence demanded of attorneys in criminal cases.'"  Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)).

Hill v. Lockhart holds that a claim of ineffective assistance of counsel in the context of a guilty plea is subject to the same standard of attorney competence set forth in the first prong of the Strickland test.  474 U.S. at 58-59.  However, the Hill Court specifically held that where the collateral challenge is to a plea of guilty rather than a trial verdict, the "prejudice" prong requires the petitioner to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Id.; see Parry v. Rosemeyer, 64 F.3d 110, 118 (3d Cir. 1995) (citing Hill).  In setting forth that standard, the Court in Hill emphasized the "fundamental interest in the finality of guilty pleas."  Hill, 474 U.S. at 58 (citing United States v. Timmreck, 441 U.S. 780, 784 (1979)).

The motion on its face fails to state a claim under the Hill test, because it is devoid of any assertion that but for the alleged errors of counsel, petitioner would not have pled guilty and would have insisted on going to trial.  See Hill, 474 U.S. at

60 ("Because petitioner in this case failed to allege the kind of 'prejudice' necessary to satisfy the second half of the Strickland v. Washington test [in challenging a guilty plea], the District Court did not err in declining to hold a hearing on [his] ineffective assistance of counsel claim.").  Nevertheless, while it is by no means clear that given the strong evidence against him, the petitioner would have elected to go to trial rather than plead guilty, we will construe his pro se pleading liberally.  Boag v. MacDougal, 454 U.S. 364, 365 (1982); Hurd v. Romeo, 752 F.2d 68, 70 (3d Cir. 1985).  Therefore, we will examine the merits of petitioner's claim despite his failure to plead the type of "prejudice" required under Hill.

Giving petitioner the benefit of every doubt and inference, we hold that as a matter of law his claim of ineffective assistance of counsel in his decision to enter a guilty plea is without merit.  The record establishes that petitioner was not prejudiced by counsel's alleged actions, thus failing the second prong of the Strickland test.

The government in this case had substantial evidence of the guilt of petitioner, of which petitioner and his counsel were well aware when he pled guilty on the charge contained in the Information.  On September 9, 2004, agents from the U.S. Immigration and Customs Enforcement ("ICE") executed a search warrant at petitioner's residence in Little Egg Harbor, New

Jersey, and seized a computer hard drive which contained 546 images of child pornography.  Petitioner was interviewed at his residence on that date, and stated that he had been viewing child pornography via the Internet for approximately three years, giving details about his website subscription activities and admitting that he believed it was illegal to view such material. (Presentence Investigation Report ("PSI"), ¶¶ 14-16.)  That search grew out of an investigation of Regpay, a third party billing and credit card aggregating company that was involved in the child pornography business.  Investigation revealed that petitioner was a subscriber to several of Regpay's websites.  (Id., ¶¶ 10-14.)

Petitioner claims that his decision to plead guilty was influenced by his counsel's assurances of a light sentence and appeal rights in event of imprisonment.  However, petitioner was not legally prejudiced by this – even if it were true.

It is well settled that when a defendant considers the government's offer of a plea agreement, a reasonably competent attorney will attempt to learn all of the facts of the case and to make an estimate of a likely sentence.  See Hill, 474 U.S. at 56-60 (relying on McMann v. Richardson, 397 U.S. 759, 769-71 (1970)).  Before the attorney allows the client to plead guilty, the attorney must also communicate the results of that analysis. McMann, 397 U.S. at 769-71.  Although the attorney's analysis need not provide a precisely accurate prediction of the respective

10

consequences of pleading guilty or of going to trial, the scrutiny must be undertaken in good faith. Id. It is deficient performance for an attorney to fail to provide good-faith advice about the sentencing consequences of a guilty plea. Id. at 769-71.

The established general rule is that where an adequate guilty plea hearing has been conducted, an erroneous prediction or assurance by defense counsel regarding the likely sentence does not constitute grounds for invalidating a guilty plea on grounds of ineffective assistance of counsel. See Masciola v. United States, 469 F.2d 1057, 1059 (3d Cir. 1972); see also United States v. Marzgliano, 588 F.2d 395, 399 n.6 (3d Cir. 1978) (explaining different rule where allegation is that plea was based on misconduct or misrepresentation by defense counsel); United States v. Valenclano, 495 F.2d 585, 588 (3d Cir. 1974) (same). This rule has been reinforced with the advent of the Guidelines sentencing process and the detailed procedures to be followed in conducting the Rule 11 colloquy at the guilty plea hearing. See, e.g., United States v. Stephens, 906 F.2d 251, 253 (6th Cir. 1990) ("The mere fact that an attorney incorrectly estimates the sentence a defendant is likely to receive is not a 'fair and just' reason to allow withdrawal of a plea agreement. . . . This is especially true under the new Sentencing Guidelines.") (quoting United States v. Sweeney, 878 F.2d 68, 70 (2d Cir. 1989) ("[The Sentencing Guidelines] reinforce our

earlier decisions on the issue.  Under the Guidelines there will be many more detailed hearings regarding imposition of sentence.")).

The rationale is that the Rule 11 colloquy, which advises the defendant of the charge and of the minimum and maximum imprisonment range under the statute, and provides other necessary information about the Guidelines sentencing process, eliminates any arguable prejudice from an earlier estimate by counsel.  See, e.g., United States v. Martinez, 169 F.3d 1049, 1053 (7th Cir. 1999) ("[A]n attorney's mere inaccurate prediction of a sentence does not demonstrate the deficiency component of an ineffective assistance of counsel claim.") (citation omitted); Gonzalez v. United States, 33 F.3d 1047, 1051-52 (9th Cir. 1994) ("The district court informed [defendant] of the maximum possible sentences and fines for the offenses to which he pleaded guilty. He responded affirmatively when asked if he was satisfied with [counsel's] representation of him.  As a result, [he] cannot claim he was prejudiced by [counsel's] alleged gross error in calculating the sentencing guidelines range and likely sentence."); Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990) ("[Defendant's] attorney's inaccurate prediction of what sentence [he] would receive upon pleading guilty does not rise to the level of a gross mischaracterization of the likely outcome of his case, and thus does not constitute ineffective

12

assistance of counsel. . . .  Further, [defendant] suffered no prejudice from his attorney's prediction because, prior to accepting his guilty plea, the court explained that the discretion as to what the sentence would be remained entirely with the court.") (citation omitted).

We find these principles to be controlling on this issue. Even assuming _arguendo_ the truth of petitioner's contention that he was assured by his counsel that if he pled guilty pursuant to the offered plea agreement, he would receive a lenient sentence and would be able to appeal any sentence of imprisonment, that contention is unavailing to establish the prejudice prong of the _Strickland_ test.  Here, a thorough Rule 11 hearing was conducted at which petitioner testified under oath that he was aware that his statutory maximum was 10 years imprisonment and that under the plea agreement he made a limited waiver of the right to appeal, only as to the stipulated facts if the Court agreed with those stipulations.  (Dkt. 6-1, Ex. D, at 9-13; _see_ stipulated facts quoted _supra_, n.2.)  He further testified that his plea was based upon the documents that he signed and the truth of the facts to which he testified, and was not made in reliance upon any estimate by his counsel as to the ultimate sentence.  (_Id._ at 19, 21-23.)  He assured the Court that he was fully satisfied with the time and attention, and advice and representation, of his defense counsel at that stage in the case.  (_Id._ at 4.)

13

Petitioner testified to all of those facts in an attempt to convince the court to accept his plea. Therefore, he may not now deny those very same facts. See United States v. Dickler, 64 F.3d 818, 823 & n.7 (3d Cir. 1995) ("[W]hen a defendant under oath expressly admits facts at a plea hearing in the course of persuading the court to accept his plea, he may not thereafter deny those facts any more than he may thereafter deny the facts alleged in the indictment and admitted by his plea.").

Petitioner also claims that counsel was deficient in failing to advise of the possible deportation consequences of a conviction. Again, however, petitioner was not legally prejudiced by this, assuming it to be true. In this case, right from day of the search and even before he had counsel, petitioner never denied his guilt. Given the nature of the charge and the objective evidence, including his own admission of guilt to the search investigators, it is likely that "even had the petitioner been advised of the deportation consequences of his guilty plea, he would have pled guilty anyway, or had he not done so, been found guilty after trial." United States v. Nino, 878 F.2d 101, 105 (3d Cir. 1989) (finding the record "replete with evidence" of the petitioner's guilt). See also United States v. Romero-Vilca, 850 F.2d 177, 179 (3d Cir. 1988) (finding no "error in the sentencing court's failure to inform [defendant] in the Rule 11 colloquy of his possible deportation"). Nor did he ever assert

14

any affirmative defenses.  (Dkt. 6-1, at 6.)  In these circumstances the Court holds that petitioner has failed to show any constitutional infirmity in the advice and representation of counsel before he entered his plea of guilty.

Effectiveness of counsel at sentencing

It is well settled that counsel is not ineffective for failing to raise every conceivable argument at sentencing, regardless of lack of merit.  To obtain relief on this ground, a petitioner must demonstrate that (1) his attorney did not provide reasonably effective assistance, and (2) but for counsel's errors, there is a reasonable probability that the result of the proceedings would have been different, i.e., the Court would have imposed a lower sentence, or petitioner would not have pled guilty.  Glover v. United States, 531 U.S. 198, 202-04 (2001); Hill, 474 U.S. at 58-59; Strickland, 466 U.S. at 687.

The Third Circuit has held that the ineffectiveness prong is met if, for example, counsel failed to urge that defendant was entitled to an arguably available minor role reduction in calculating offense level, United States v. Headley, 923 F.2d 1079, 1084 (3d Cir. 1991); or if counsel fails to object to an improper enhancement under the guidelines, United v. Jansen, 369 F.3d 237, 244 (3d Cir. 2004).  We must recognize that the range of possible arguments available in the post-Booker sentencing setting is even wider now that the Guidelines are advisory only.

However, assuming arguendo that counsel could have been deficient in failing to advise petitioner to "compile information for consideration," in the form of letters from more supporters, this would not constitute prejudice based upon the circumstances here.

This Court found at sentencing that petitioner knowingly possessed at least 130 still images, plus a four-second video, of child pornography; and that the material involved minors under the age of twelve.  (Dkt. 6-1, Ex. C, at 4-10.)  The government advised that some of those images contained real children as young as 4-5 years old.  (Id. at 13.)  Defense counsel submitted extensive documentation and argued successfully to bring the total number of images for guideline purposes down from the stipulated "over 250 images" in the plea agreement.  (Id. at 4-10.)  This reduced his guideline total offense level from 20 to 18, with a resulting reduction in his guideline range from 33-44 months to 27-33 months.[4]  (Id. at 11-12.)

Defense counsel submitted two additional sentencing letter briefs, addressing all of the sentencing factors under 18 U.S.C.

_____

[4]  The Guidelines calculation determined by the Court at sentencing, using the 2003 Guidelines Manual as stipulated, was as follows.  Base offense level of 15, USSG § 2G21.4(a); plus 2 points based on minors under age 12, id. § 2G2.4(b)(1); plus 2 points for use of a computer, id. § 2G2.4(b)(3); plus 2 points for 10-149 images, id. § 2G1.4(b)(5)(A); minus 3 points for acceptance of responsibility, id. §§ 3E1.1(a)-(b).  Criminal history category was I, based on one criminal history point for drunk driving.  The resulting Guideline imprisonment range was 27-33 months; supervised release range was 2-3 years; fine range was $6,000 to $60,000.  (See dkt. 6-1, Ex. C, at 3-12.)

§ 3553(a) and urging leniency for petitioner.  Defense counsel
also submitted a letter from a treatment facility attesting to
his alcoholism recovery progress.  (Id. at 2-3, 14.)  At
sentencing, defense counsel encouraged petitioner to make the
following statement in support of his request for leniency:

> COUNSEL:  Mr. Adams has been undergoing rehabilitation
> for his alcohol problem.  He's been sober for two
> months.  Besides that, of course, the Court knows that
> he has two children that he's taking care of.  Other
> than that, I'd let Mr. Adams speak.
> ...
> MR. ADAMS:  I would like to ask for leniency in this
> case, not for myself but for my two children.  I take
> care of them every day and it's very hard to see them
> and the looks on their faces when I have to tell them
> I'm going to prison because I don't hide nothing from
> my children.  I allow them to know exactly what's
> happening with me.  And today they're sitting home and
> they have no clue whether their father is coming home
> at all.  And in this case I would just ask for
> leniency, please.

(Id. at 14.)

Based upon all of the evidence and arguments, this Court
exercised its discretion under 18 U.S.C. § 3553(a), after
performing the guidelines calculation and resolving the issues
raised at sentencing.  The Court even excused petitioner from his
stipulation to a level of "over 250 images," which reduced his
guideline range as stated.  The sentence of 28 months
imprisonment was imposed by the Court in full consideration of
the relevant background and history of this defendant, as well as
the offense conduct, in light of all of the statutory sentencing
factors.  We conclude that further letters in support of

leniency, if such would have been produced, would not create a likelihood that the result of the sentencing would have been different.  Accordingly we hold that petitioner has failed to establish prejudice in the outcome of the sentencing process.

<u>Petitioner's decision not to appeal</u>

Petitioner's original motion alleged that after the sentencing, defense counsel advised him not to appeal "because maximum sentence <u>could</u> be imposed."  (Dkt. 1, ¶ 12.B. (emphasis added).)  His amended motion alleges that counsel advised him not to appeal "because maximum sentence <u>would</u> be imposed on me." (Dkt. 3, ¶ 12.B. (emphasis added).)

Whichever version petitioner seeks to press, this argument is likewise without merit.  First, at the conclusion of the sentencing hearing the Court advised petitioner of his right to appeal, as required under Fed.R.Crim.P. 32(j)(1)(B)-(C).  Second, as noted above, petitioner was put on notice by the Court, at the time of the plea hearing, that he could be sentenced to the statutory maximum of 10 years if he pled guilty, and he was also instructed that he could not rely on the predictions of counsel as to what his sentence would be.  (Dkt. 6-1, Ex. D, at 9-10, 19.)  Third, under the plea agreement petitioner waived his right to appeal, or to file a post-conviction motion such as this one, if the Court sentenced on the basis of the factual stipulations of the parties.  <u>See</u> n.2 <u>supra</u>.  He did receive a sentence

18

consistent with those factual stipulations – in fact, better than
those stipulations – and there is no reason to conclude that any
appeal would have been successful.  For these reasons we hold
that petitioner has failed to establish the prejudice prong of
the Strickland test as to this contention.

**B.   Claim of error in evidence considered at sentencing**

Petitioner raises an objection to the evidence considered by
the Court at sentencing.  He states:

> Prior history was use[d] in decision for sentencing which
> I feel was hurtful in my case – and evidence presented
> at sentencing was not on plea agreement paperwork,

(Dkt. 3, ¶ 13.)

We read this point as an objection to those portions of the
Presentence Investigation Report that set forth (1) his criminal
history, and (2) the offense conduct and relevant conduct as
defined by the guidelines.  However, both of those categories of
information are necessary in order for the Court to fulfill its
duty to make the guideline calculation in each individual case,
post-Booker.  See Gunter, 462 F.3d at 247.  They are equally
necessary to enable the Court to assess the complete relevant
factual context as required under 18 U.S.C. § 3553(a).

This claim of error is barred from collateral attack on this
motion because it could have been, but was not, raised in a
direct appeal.  A petitioner is barred from collaterally
attacking the sentence pursuant to 28 U.S.C. § 2255 so far as

19

that attack is based upon alleged errors that could have been, but were not, raised on direct appeal.  See United States v. Frady, 456 U.S. 152, 162-63 (1982); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993).  To avoid the resulting procedural bar, a petitioner generally must prove "both (1) 'cause' excusing his . . . procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains," Frady, 456 U.S. at 168, or "actual innocence." Bousley v. United States, 523 U.S. 614, 623 (1998).  "A showing of ineffectiveness of counsel which rises to the level of a constitutional deprivation can . . . constitute the type of prejudice that will excuse procedural default." United States v. Sanders, 165 F.3d 248, 250 (3d Cir. 1999) (citations omitted).  Whether we view this as a procedurally barred claim or another claim of ineffectiveness of counsel, it fails because there was no error by defense counsel or by the Court in allowing such evidence to be considered in the sentencing process.

### C. Claim that supervised release is unlawful or unconstitutional

Petitioner's final claim is that supervised release should not have been imposed in his case.  He argues, in a 15-page brief attached to the amended motion, that supervised release is not statutorily authorized to be added to a term of imprisonment, or is a violation of Separation of Powers or the Double Jeopardy

20

Clause.  (Dkt. 3, at 7-21.)  We understand petitioner's
constitutional points to be an argument for change in existing
jurisprudence, an invitation this Court declines.  (See dkt. 6-1,
at 10.)  The statutory basis for imposing supervised release as
part of a sentence of imprisonment is set forth in 18 U.S.C. §
3583, as was proper in petitioner's case.  Accordingly, we hold
that this point lacks merit under 28 U.S.C. § 2255.

### III. CONCLUSION

The Court finds that petitioner has not met his burden to
establish any of his claims in this motion under 28 U.S.C.
§ 2255.  Based upon our review of the record, we hold that
petitioner was not deprived of his Sixth Amendment right to the
effective assistance of counsel, either in advising him at the
time he made the decision to enter the guilty plea or in
representing him in connection with the sentencing.  We also rule
that the other asserted points do not afford grounds for relief.
Accordingly, this motion under 28 U.S.C. § 2255 to vacate, set
aside, or correct the sentence must be denied.

No certificate of appealability will issue pursuant to 28
U.S.C. § 2253(c).  Cf. Fed.R.App.P. 22; Loc.App.R. 22.2.  A
certificate of appealability is issued "only if the applicant has
made a substantial showing of the denial of a constitutional
right."  28 U.S.C. § 2253(c)(2); United States v. Cepero, 224

F.3d 256, 267-68 (3d Cir. 2000).  For the reasons discussed above, the petition does not make such a showing here.

The Court will issue an appropriate Order and Judgment.


                                                 s/ Mary L. Cooper
                                          **MARY L. COOPER**
                                          United States District Judge